FILED

DEC 11 2019

Clerk, U.S. District Court
Texas Eastern

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUIS MANUEL SORIA, | ) | |
| | ) | |
| Movant, | ) | USDC Case No. 4:19-cv-__908__ |
| | ) | |
| v. | ) | |
| | ) | USDC Case No. 4:13-cr-281-11 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Hon. Amos L. Mazzant, III |
| Respondent. | ) | United States District Judge |

## *PRO SE* MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT A FEDERAL SENTENCE OR CONVICTION PURSUANT TO 28 U.S.C. §2255

[Return Date to be Fixed by the Court]

COMES NOW LUIS MANUEL SORIA, Movant *pro se,* in the above styled and numbered cause, and respectfully submits this Memorandum of Law in support of the Motion to Vacate pursuant to 28 U.S.C. §2255, and would show the Court the following facts, circumstances, and points of law:

### I. Introduction

Mr. Soria moves this Honorable Court to vacate the sentence imposed in his criminal case on the ground that he was deprived of the effective

assistance of counsel during the appellate stage of his criminal case by counsel's failure to argue that the plea agreement was void for lack of consideration in the opening brief, and by such failure waived such argument, leading to the appellate court's dismissal of Mr. Soria's otherwise meritorious appeal of his sentence.

## II. Jurisdiction

Pursuant to 28 U.S.C. §2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed sentence to vacate, set aside, or correct sentence." Mr. Soria so moves this Court on the ground that his sentence was implicitly affirmed by the appellate court, in and as a result of proceedings wherein he was denied the effective assistance of counsel.

### III. Review Standards

A motion for relief under §2255 follows the procedures established by the "Rules Governing Section 2255 Cases in the United States District Courts" ("Rules"). The text of §2255 states that "[u]nless the motion and the files and records of the case **conclusively** show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[1] Similarly, the Rules dictate that, upon initial consideration by the assigned District Judge, a §2255 motion should be dismissed only "if it **plainly** appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."[2] In all other cases, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take action the judge may order."[3] The Rules authorize, where appropriate

---

[1]     *28 U.S.C. §2255* (emphasis added).

[2]     *Rule 4(b)* (emphasis added).

[3]     *Id.*

3

and by order of the Court, discovery proceedings, an expansion of the record, and an evidentiary hearing.

Subsequent to the "Preliminary Review" stage set out in Rule 4, the ultimate legal standard for motions brought pursuant to §2255 is prescribed by statute:

> If the court finds that . . . the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant him a new trial or correct the sentence as may appear appropriate.[4]

---

[4]     *28 U.S.C. §2255.*

## IV. Ground for Relief

**A.** **Ground One**:
**Mr. Soria was Denied the Effective Assistance of Counsel on Direct Appeal, When Counsel Failed to Raise the Argument That the Plea Agreement was Void for Lack of Consideration**

### [1]. The Applicable Standard

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 393–94, 105 S.Ct. 830, 834–35 (1985); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir.2000). Ineffective assistance of appellate counsel claims are evaluated under the two-prong standard set forth in *Strickland. Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); *United States v. Merida*, 985 F.2d 198, 202 (5th Cir.1993). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense *Id.* at 687.

## [2].   Deficient Performance

Counsel was deficient for failing to argue in the opening brief that Mr. Soria's plea agreement, and specifically the sentence appeal waiver provision thereof, was void for lack of consideration. Initially, appellate counsel sought leave of the Fifth Circuit to withdraw.[5] Following denial of this request,[6] appellate counsel presented three arguments in the opening brief:

> Soria's first issue: Soria pled guilty pursuant to a plea agreement that called for the Government to move for a downward departure at sentencing if Soria provided substantial assistance. All parties appear to agree that Soria did provide substantial assistance during the eighteen months he was out on bond. However, Soria failed to appear at his initial sentencing. Nonetheless, his absconding did not relieve the Government of its duty to comply with the plea agreement and move for a downward departure. Because the Government did not so move, it breached the plea agreement.
>
> Soria's second issue: The district court could have reduced Soria's sentence from what it would

---

[5]     Motion to withdraw as counsel, filed 1/22/18 in *United States v. Soria*, 5th Cir. No. 17-41150.

[6]     Clerk's Order denying motion to withdraw as counsel, filed 5/1/18 in *United States v. Soria*, 5th Cir. No. 17-41150.

6

otherwise have been by taking into account the substantial assistance he provided the Government. And the court could have done this irrespective of whether the Government moved for a downward departure. Soria specifically requested a downward variance on this basis (as well as his age). Not only did the district court completely disregard Soria's substantial assistance and his age, the court (in assessing a 360-month sentence) unduly relied on his absconding, and on facts the court was well aware of before Soria absconded. Thus, the court imposed a substantively unreasonable sentence.

Soria's third issue: The district court did not completely follow the plea agreement. The terms of the non-binding agreement provided for a total offense level of 37 and an advisory guideline range of 262-327 months. The court, however, imposed a 360-month sentence. Because the court did not fully follow the terms of the plea agreement, Soria is not bound by the waiver-of-appeal provision in the plea agreement.[7]

The reality that Mr. Soria received no consideration for his plea, was clear from the record. Sentencing counsel advocated for the Court and United States to honor the original terms offered:

---

[7]     Appellant's Opening Brief, filed 6/11/18 in *United States v. Soria*, 5th Cir. No. 17-41150.

MR. SMITH: Yes, Your Honor. Thank you very much. Since the Court has had an opportunity to review both the sentencing memorandum and the amended sentencing memorandum, I will just narrow it down. On August 18th of 2015 when Mr. Soria's name was called in this very courtroom, he was not present. On that day he made the biggest mistake of his life.

Mr. Soria is -- came to the United States at a very young age. He is the only member of his family that was not a U.S. citizen or obtained U.S. citizenship.

He got scared. He didn't show up. And once he crossed that line, he could never turn back, and he now stands here two years later, over two years later.

Had he been present here in court, his sentence -- the recommended sentence was going to be 262 months. It is my I can't make an excuse for my client's absconding, but I know this, a sentence of 360 months for a 41 year old man is a life sentence. He, in essence, will be about 68 and a half years old before he is released.

We respectfully ask this Court for a sentence of 262 months, the original sentence in this case, and we ask the Court to take into account his cooperation, his work that he did over a period of 18 months.

That sentence is a significant sentence. It is -- it will send a message to the community. It will also provide safety for the community, and it is significant but not

greater than necessary. We believe that would be a just sentence in this case, when you take the totality from December of 2013 to August of 2015 and his work, as well as when you take into account for the last two years his screw-up. And he did, he screwed up. But he is a human being that deserves an opportunity at one point in time in his life to be able to get out.

He will never be a father to his children locked up. He has two children. He may never be back in the United States. At some point in time he will be deported.

We respectfully ask this Court for that sentence of 262 months. Thank you.[8]

The Court solicited input from the United States, the other party to the plea agreement. Rather than honoring the spirit of the plea agreement, they argued for the court to deprive Mr. Soria of any consideration for his plea.

THE COURT: Thank you. Mr. Gonzalez, what's the Government's position on sentencing?

MR. GONZALEZ: Your Honor, we believe that the guideline sentence as calculated by the probation office is appropriate for this Defendant for a multitude of reasons. Not only the fact that he was

---

[8]    *DE #1791, pp. 8-10.*

involved with a significant amount of drugs, but the fact that he was given the opportunity by the Government to cooperate, he was given the opportunity by the Court to be out on bond for that purpose, and he violated that trust that the Court put on him and that the Government put on him.

He was admonished on numerous occasions. Once he was released, he was admonished that violations of his release would have consequences. Every day that he met with the agents, in his cooperation with the agents, he was admonished that if he violated or he committed any offenses, there would be severe consequences. So this is not an individual that was not admonished or was admonished once by the Court and he failed to comply. This is an individual that was admonished by the Court, was admonished by the agents to comply with all the requisites that the Court had placed on him but also the requirements that the officers, the agents had placed on him in signing him up as a cooperating Defendant.

The other reason I believe that the sentence is appropriate is he did have an option. He had an option to turn himself in. If we agreed that he got cold feet at that time on August 18th, he had approximately two years to reconsider that decision, and he chose not to. He chose to hide and he chose not to turn himself in, and worse yet, he went back to distributing drugs. I can call the case agent for that purpose, Your Honor.

THE COURT: Well, I don't need that.

MR. GONZALEZ: Well, what the case agent would testify, Your Honor, is that once he was released, during that two year period that he was a fugitive from this Court, he went back to distributing large quantities of drugs. In fact, the way that the agents were able to find him is because he was involved in a drug transaction involving ten kilos. And we chose not to go through with that transaction of those ten kilos with him, and instead, we decided just to arrest him to bring him before the Court as quickly as possible. So he's made decisions, Your Honor, and he has made all the wrong decisions, and now he wants to come back to this Court and wants this Court to have some leniency with him.

He's not a young man. He's 41 years of age. He has some criminal history. He should have known better. He should have done the right thing, and he chose to do all the wrong things, and now he wants this Court to have some sympathy on him. I would argue to the Court that that's not something that he merits because of his own actions.[9]

Had the Court chosen to honor the terms of the plea agreement, as noted in the Pre-Sentence Investigation Report ("PSR"), Mr. Soria's total offense level would have been 37, and his advisory guideline range would

---

[9]     DE #1791, pp. 10-12.

have been 262-327 months:

> If the Court follows the terms of the Plea Agreement, the total offense level would be 37, the criminal history category would be III, and the guideline range for imprisonment would be 262 to 327 months.[10]

The district court did not follow the plea agreement. The court instead adopted the revised PSR – with a total offense level of 42 and advisory sentencing range of 360 months' to LIFE imprisonment and sentenced Soria to 360 months in prison:

> THE COURT: So, Mr. Soria, of course, the Court's job is not an easy one in determining what the appropriate sentence is. We start off first with the guideline range, and the guideline range in your case is 360 to life, which I think is the correct interpretation of the existing -- the way things are now, which is increased because you became a fugitive. Then the Court has to determine ultimately what the right sentence should be.
>
> And, of course, your counsel has asked the Court to basically do a variance, and what's unfortunate in your situation is that you were looking at a lower range and the reality is that that sentence itself would have probably been cut because of your cooperation,

---

[10] *PSR, ¶ 58; see also Plea Agreement Addendum.*

but because you became a fugitive, that's no longer on the table. So ultimately, I'm not sure what your sentence would have ultimately been if you had shown up back in -- I guess in September of 2015.

Of course, your counsel says the biggest mistake you made was running. I think that's the second mistake you made. The first mistake you made was getting involved in the drug business. Then you made an even bigger mistake when you decided to run and become a fugitive.

So what the Court has to do is look and see, and as the Government points out and says I shouldn't give sympathy. I never give sympathy. That's not -- sympathy doesn't play a part when the Court looks at whether a variance should be granted or not.

You're somebody who's not a young man, really. I mean, you're 41. That's not that young. You should know what's going on. You're a criminal history Category III, so you have some criminal history, so you're not coming to the Court with a Category I, which I could see someone that's a Category I, I would look at whether to grant a variance or not.

But then you have your role in this conspiracy. You had a significant role in the conspiracy and it involved a significant amount of drugs. And then you were given the opportunity to cooperate, which you did, and you were given a bond, and you violated that bond by absconding. I understand that you were

afraid, but it went on for a period of time. You know, it's not like you got afraid that morning and didn't show up and a week later or a month later you decided, okay, I was just scared, I'm going to show up.

So none of these actions give the Court any pause to say that you should get a variance, and I'm not going to grant you a variance in this case. Your record establishes what the right sentence is, and I believe irrespective of the guidelines -- even if the guideline is wrong, I think 360 is the appropriate sentence for the activities you have taken on and then the multiple violations of the trust of the Court by absconding.

Do I take pleasure in sending people to jail? No. It's the worst thing I have to do, and I struggle with this all the time in my job, but it's part of my job to decide that and what the appropriate sentence should be.

In your case, even if the guidelines were wrong, 360 is sufficient, based on your involvement with drugs and all the activities, including your absconding.

So pursuant to the Sentencing Reform Act of 1984, having considered the factors noted in 18 USC Section 3553(a), and after consulting the advisory Sentencing Guidelines, it's the judgment of the Court that the Defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for 360 months on

count two of the second superseding indictment.[11]

Nonetheless, the Court stated that it was accepting the plea agreement, while depriving Mr. Soria of any consideration thereunder:

> THE COURT: And of course, Mr. Soria, you pleaded guilty to count two, conspiracy to possess with the intent to manufacture and distribute methamphetamine, pursuant to a plea agreement. To the extent I had not fully accepted the plea agreement, I will fully accept that plea agreement now.[12]

In response to appellate counsel's opening brief, the United States filed a motion to dismiss arguing that: "Soria's appeal is barred by the appellate waiver in the plea agreement. Soria's argument that the waiver does not apply because the government "breached" the plea agreement by not filing a § 5K1.1 motion after Soria fled from justice is baseless."[13] In response, appellate counsel recognized the seriousness of his omission – and apparently attempted to immunize that oversight by disingenuously asserting that it was

---

[11]     *DE #1791, pp. 13-15.*

[12]     *DE #1791, p. 7.*

[13]     United States Motion to Summarily Dismiss Appeal, filed 7/11/18 in *United States v. Soria,* 5th Cir. No. 17-41150.

the United States' Motion to Dismiss which established that Mr. Soria received no consideration for his plea – and filed a response in opposition, raising for the first time, the strongest – and correct – argument that Mr. Soria's plea agreement was void for lack of consideration.

> The Government also argues that the terms of the plea agreement did not require the Government to file a motion for downward departure, even if Soria did provide substantial assistance:
>
>> The plea agreement plainly provided . . . that the decision to file such a departure was not automatic and was for the government to make "in its sole discretion[.]"
>
> Motion 8. It should be noted for starters that the Government does not in any way suggest that Soria did not in fact provide substantial assistance. More importantly, the government's stated position in its motion renders Soria's plea agreement void for lack of consideration...
>
> Because, according to the Government, in the instant case the plea agreement allowed the Government to take away what it purportedly stipulate to, no benefit was conferred...

The other purported Governmental "concessions" in the plea agreement were that the Government would not to file additional charges against Soria based on underlying and related conduct, and dismissal of any remaining charges. ROA.193. These were both illusory benefits. This is because all of Soria's underlying and related conduct would be relevant conduct – conduct for which he would be held accountable in any event:

> [A] plea agreement that includes the dismissal of a charge or a plea agreement not to pursue a potential charge shall not preclude the [relevant] conduct underlying such charge from being considered . . . in connection with the count(s) of which the defendant is convicted.

U.S.S.G. § 6B1.2(a). "This paragraph prevents a plea agreement from restricting consideration of conduct that is within the scope of §1B1.3 (Relevant Conduct)[.]" U.S.S.G. § 6B1.2, comment. The Government's agreement to move to dismiss any remaining charges against Soria at sentencing was meaningless, given that he did not have any remaining charges. He pled to the only count in the indictment in which he was named.

In summary, if the Government's position is that it

17

was not in any way obligated to move for a downward departure, even if Soria provided substantial assistance, the plea agreement was void for lack of consideration. And if so, the waiver-of-appeal provision in the agreement should not be enforced.[14]

Former appellate counsel was constitutionally deficient for failing to argue that Mr. Soria's plea agreement, and specifically the appellate waiver provision thereof, was void for lack of consideration in the opening brief. This is true for two reasons. First, because it was clear from the record that no consideration was provided to Mr. Soria in exchange for his plea. Second, because arguments not included in an appellant's opening brief are deemed waived by the Fifth Circuit. *See United States v. Brown*, 305 F.3d 304, 307 n.4 (5th Cir. 2002) ("This Court will not consider a claim raised for the first time in a reply brief.").

Courts recognize that a plea agreement that provides no consider or benefit, beyond that which a defendant may secure from him or herself, by

---

[14]    Appellant's Response in Opposition to the Government's Motion for Summarily Dismissal, filed 7/16/18 in *United States v. Soria*, 5th Cir. No. 17-41150.

simply pleading guilty is void for lack of consideration. *See, e.g., United States v. Lutchman*, 910 F3d 33, 37-38 (2d Cir. 2018). A plea bargain is a compromise; otherwise it would not be a "bargain." *Mabry v. Johnson*, 467 U.S. 504, 508 n. 8 (1984) ("It is this mutuality of advantage that perhaps explains the fact that at present well over three-fourths of the criminal convictions in this country rest on pleas of guilty[.]"). "The application of contract law to plea agreements is premised on the notion that a negotiated guilty plea represents a bargained-for *quid pro quo*." *United States v. Asset*, 990 F.2d 208, 215 (5th Cir. 1993). A plea agreement without benefit or advantage to the defendant is "offensive both to the fundamental common law canons of contract construction and to the constitutional guarantee of due process." *United States v. Randolph*, 230 F.3d 243, 249 (6th Cir. 2000); *see Dillon v. United States*, 307 F.2d 445, 449 (9th Cir. 1962) (An inducement to enter a guilty plea based on an illusory promise is a violation of due process). A defendant who purports to enter into a plea agreement that confers no benefit to him has not entered a knowing voluntary plea. *Randolph*, 230 F.3d at 250, 251 ("A defendant in

19

Randolph's position is entitled to presume a plea agreement would confer some benefit on him. . . . [W]e cannot say that he entered into it knowingly and voluntarily, since he was in no way informed as to the illusory nature of the government's promise."). The plea agreement in this case makes clear that the United States may deprive Mr. Soria of any cooperation benefit for any reason or no reason, it thus provides no consideration as no benefit was provided. *See United States v. Aderholt*, 87 F.3d 740, 743 (5th Cir. 1996) (There can be no inducement when the Government retains sole discretion."); *Murray Ohio Mfg. Co. v. Cont'l Ins. Co.*, 705 F. Supp. 442, 444 (N.D. Ill. 1989) ("The small print cannot 'taketh away' one hundred percent of what the large print 'giveth.' If it does, then a contract may have no consideration."); *Cf. United States v. Araromi*, 477 F. App'x 157, 159 (5th Cir. 2012) ("Because the plea agreement bound the Government to do something it was not otherwise required to do, Araromi has not shown that the plea agreement lacked consideration[.]").

The Second Circuit is at the forefront of recognizing and developing a

conceptual approach to analyzing plea agreements, to determine, whether, by

virtue of their lack of consideration to the defendant, they are void.

> Lutchman's waiver of the right to appeal his sentence was unsupported by consideration. The plea agreement provided that Lutchman would waive indictment, plead guilty to a violation of 18 U.S.C. § 2339B(a)(1), and waive the right to appeal any sentence lesser than or equal to the 240-month maximum. The government would achieve "a conviction without the expense and effort of proving the charges at trial beyond a reasonable doubt" and save the time and expense of an appeal.
>
> Lutchman, however, received no benefit from his plea beyond what he would have gotten by pleading guilty without an agreement. [] True, the government agreed not to oppose a two-level reduction under Guidelines § 3E1.1(a) for Lutchman's acceptance of responsibility and agreed to move the district court to apply an additional one-level reduction under Guidelines § 3E1.1(b) for Lutchman's timely notification to the government of his intention to plead guilty. But a three-level reduction under Guidelines § 3E1.1 was available to Lutchman even in the absence of an agreement to waive his right to appeal...
>
> The plea agreement here provided Lutchman with no increment of certainty as to the extent of his liability and punishment, and it provided him no chance at a

21

reduced sentence. Because the agreement offered nothing to Lutchman that affected the likelihood he would receive a [lesser] sentence [], the appellate waiver was unsupported by consideration, and we will not enforce it to bar this appeal. Accordingly, in the absence of a request by either party to remand because the plea agreement is unenforceable, we will sever the waiver from the plea agreement and proceed to the merits of Lutchman's arguments.[15]

As minimally competent appellate counsel would have gleaned from the record in this case, Mr. Soria received no consideration as the plea agreement did absolutely nothing to mitigate his sentence. Counsel's failure to recognize this issue and the need to include this argument in the opening brief due to the appellate waiver contained in the plea agreement, or have it, and indeed Mr. Soria's challenge to his sentence be considered waived by the appellate court, fell below the minimal level of competence, required of criminal defense counsel by the Sixth Amendment.

---

[15]    *Lutchman*, 910 F.3d at 37-38 (internal quotations and citations omitted).

22

## [3]. Prejudice

Had counsel raised the argument described in *§IV.A.2, supra,* in the opening brief, there is a reasonable probability that the Fifth Circuit would have considered Mr. Soria's appeal on its merits and likely vacated his sentence. Instead, the Fifth Circuit dismissed Mr. Soria's appeal of his sentence, after ruling that appellate counsel's argument that the plea agreement was void for lack of consideration was waived by counsel's failure to include it in appellant's opening brief:

> Soria [] argues, for the first time in his opposition to the Government's motion to dismiss, that the plea agreement is void for lack of consideration and that the § 5K1.1 provision in the plea agreement is contrary to law. We will not consider these issues raised for the first time in what is essentially his reply brief. *See United States v. Brown,* 305 F.3d 304, 307 n.4 (5th Cir. 2002).[16]

Appellate counsel's failure to raise the argument that Mr. Soria's plea agreement was void for lack of consideration in the opening brief directly

---

[16]     Per Curiam Order of the United States Court of Appeals for the Fifth Circuit, filed 10/30/18 in *United States v. Soria,* 5th Cir. No. 17-41150.

23

resulted in the appellate court's decision to dismiss Mr. Soria's appeal and not hear his otherwise meritorious appellate challenge to his sentence. Thus, prejudice flows from counsel's failure to present this issue on direct review.

## V. Prayer for Relief

Mr. Soria was deprived of rights guaranteed by the Fifth and Sixth Amendments to the United States Constitution in connection with his appeal in this case. Mr. Soria seeks to vindicate those rights in this Court. Mr. Soria has established entitlement to, and respectfully requests that his sentence be vacated and that he be resentenced as would have occurred, following remand from the Fifth Circuit, but for the ineffective assistance of appellate counsel.

Respectfully submitted this _30_ day of _November_ , 2019.

_Luis Soria_

Luis Soria, *Pro Se*
Register # 22047-078
FCI Pollock
Post Office Box 4050
Pollock, LA 71467

24