UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUIS MANUEL SORIA | § | |
| | § | |
| v. | § | Civil No. 4:19CV908 |
| | § | Criminal No.4:13CR281(11) |
| UNITED STATES OF AMERICA | § | |

## GOVERNMENT'S RESPONSE TO SECTION 2255 MOTION

Luis Manuel Soria has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, raising a claim of ineffective assistance of counsel.  The Court should deny the motion.

### Proceedings

On March 6, 2015, after entering into a written plea agreement with the government, Soria pleaded guilty to count two of a second superseding indictment charging him with conspiring to possess with the intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846. Criminal ECF Doc. 967. On November 1, 2017, the Court adopted the Presentence Report in its entirety and imposed a 360-month prison term. Criminal ECF Doc. 1778. Soria proceeded to file a notice of appeal as to the judgment (Criminal ECF Doc. 1783), which was dismissed on November 21, 2018. Criminal ECF Doc. 1813.

On December 11, 2019, Soria filed the pending section 2255 motion. Criminal ECF Doc. 1842; 2255 ECF Doc. 1. In it, he claims that his appellate counsel provided ineffective assistance on direct appeal.

## Section 2255 Legal Standards

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence. It provides four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

"It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). "Section 2255 does not offer recourse to all who suffer trial errors." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981). It may also "not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the prisoner "stands fairly and finally convicted." *Id.*

## Ineffective Assistance of Counsel Legal Standards

To obtain reversal of a conviction based on ineffective assistance of counsel, a convicted defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The proper standard for judging the performance of an attorney is that of reasonably effective assistance considering all of the circumstances. *Id.* at 688. "When a convicted defendant complains of ineffective of assistance of counsel, the defendant must show that counsel's representation fell below

**Response to Section 2255 Motion, Page 2**

an objective standard of reasonableness." *Id*. Judicial scrutiny of counsel's assistance must be "highly deferential," and "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Id*. at 689. A court must employ a strong presumption that counsel's conduct falls within a wide range of reasonably professional assistance. *Id*. at 690. The proper prejudice standard requires the defendant to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

### Discussion

Soria claims that his appellate counsel was ineffective for failing to "argue that the plea agreement was void for lack of consideration" on appeal, specifically the appellate waiver provision in the plea agreement. 2255 ECF Doc. 1 at 4; Doc. 1-1 at 5-6. This claim is without merit and unsupported by the record. Soria signed the plea agreement, and affirmed during his change of plea hearing that he understood and agreed to each provision, the appellate waiver specifically. Criminal ECF Doc. 1591; PH Tr. at 22-24. Soria did not receive "consideration" at sentencing because he absconded for two years and was in breach of the plea agreement himself by not complying with the relevant orders and rules of the Court. ROA. 168-170.

Appellate counsel is not ineffective for failing to raise a frivolous point. *Sones v. Hargett,* 61 F.3d 410, 415 n. 5 (5th Cir.1995). Soria's appellate counsel did not err in not raising this issue on appeal, as it is frivolous and would not have prevailed. Further, appellate counsel may select the issue or issues he thinks may provide the best chance for reversal. *Jones v. Barnes*, 463 U.S. 745, 751–54 (1983). "[A] reasonable attorney has an

obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *United States v. Williamson*, 183 F.3d 458, 462–63 (5th Cir. 1999). Unsound, frivolous arguments need not.

## Conclusion

The Court should deny Soria's section 2255 motion.

Respectfully submitted,

Stephen J. Cox
United States Attorney

_____/s/_____
Ernest Gonzalez
Assistant United States Attorney
101 E Park Blvd.
Suite 500
Plano, TX 75074
(972) 509-1201
Fax: (972) 509-1209
Email: ernest.gonzalez@usdoj.gov

## Certificate of Service

On the 8th day of July, 2020, I certify that a true and correct copy of the government's response to motion was mailed from Plano, Texas, to: Luis Manuel Soria, pro se, Reg. No. 22047-078, FCI Pollock, PO Box 4050, Pollock, LA 71467.

_____/s/_____
Ernest Gonzalez
Assistant United States Attorney

**Response to Section 2255 Motion, Page 4**