**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **LUIS MANUEL SORIA #22047-078** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:19cv908** |
| | § | **CRIMINAL ACTION NO. 4:13cr281(11)** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Movant Luis Manuel Soria filed the above-styled and numbered motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**BACKGROUND**

On March 6, 2015, Movant pled guilty pursuant to a written plea agreement to conspiracy to possess with the intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846. Crim. ECF Dkt. #967. On August 18, 2015, Movant's sentencing hearing was scheduled. Crim. ECF Dkt. #1792. Movant failed to appear, however; accordingly, the Court issued a warrant for his arrest. Crim. ECF Dkt. #1359. More than two years later, Movant was found and arrested, and the Court conducted another sentencing hearing. Crim. ECF Dkt. #1791. At the second sentencing hearing held on October 31, 2017, the District Court sentenced Movant to 360 months' imprisonment. Crim. ECF Dkt. #1778. Movant filed a direct appeal. In his appeal, Movant argued

1

that the Government breached the plea agreement by failing to move for a downward departure pursuant to U.S.S.G. § 5K1.1, and that his sentence was unreasonable. On October 30, 2018, the United States Court of Appeals for the Fifth Circuit dismissed Movant's direct appeal based on the waiver of appeal contained in Movant's plea agreement. *United States v. Soria*, 741 F. App'x 248 (5th Cir. 2018); Crim. ECF Dkt. #1813. Movant filed the instant § 2255 motion on December 11, 2019, asserting he is entitled to relief because Counsel on appeal was ineffective (Dkt. #1). The Government filed a Response (Dkt. #5), asserting Movant is not entitled to relief, to which Movant filed a Reply (Dkt. #6).

**STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS**

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Mere conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Movant asserts that he is entitled to relief based on ineffective assistance of counsel. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a

conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).

Movant must also show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*. at 697.

The Fifth Circuit has held that to prevail on a claim of ineffective assistance of appellate counsel, a movant must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland*, 466 U.S. at 687, 104 S. Ct. at 2065. In a counseled appeal after conviction, the key is whether the failure to raise an issue worked to the prejudice of the defendant.

*Sharp*, 930 F.2d at 453.   This standard has been affirmed by the Supreme Court.   *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that the petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal). *See also Williams v. Taylor*, 529 U.S. 362 (2000); *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973).  Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id*. at 1197. An appellate attorney's duty is to choose among potential issues, using professional judgment as to their merits – every conceivable issue need not be raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 749 (1983).

Movant claims that Counsel on appeal was ineffective for failing to assert his plea agreement was void for lack of consideration. (Dkt. #1).  The Court first notes that Movant did not challenge the validity of the plea agreement in the District Court at any time or attempt to withdraw his guilty plea on the ground that the plea lacked consideration. Additionally, the Fifth Circuit has noted that it "never expressly held that consideration is required to support a valid plea bargain." *See United States v. Montemayor*, 668 F. App'x 96, 97 (5th Cir. 2016).  Nonetheless, Movant fails to show that Counsel was ineffective for failing to assert that the plea agreement lacked consideration.

A review of the record shows that, in exchange for Movant's plea of guilty, the Government agreed not to prosecute Movant for any additional non-tax related criminal charges based upon the conduct underlying and related to his plea of guilty. Crim. ECF Dkt. #967 p. 4. Additionally, it agreed to dismiss any remaining criminal charges. Crim. ECF Dkt. #967 p. 4. The plea agreement states:

> The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

Crim. ECF Dkt. #967, p. 4. Further, the Government agreed to move for a reduction in sentence or a downward departure if, in its sole discretion, it determined that Movant had provided substantial assistance and had not violated a law or order of the Court. Movant's main complaint appears to be that the Government did not file a motion to reduce sentence pursuant to Rule 35(b) or for a downward departure pursuant to U.S.S.G. § 5K1.1 after Movant provided substantial assistance for eighteen months – in spite of the fact that he was a fugitive for over two years. It is the Government's prerogative to file a motion to reduce sentence based on the assistance a defendant provides. *United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007). In the plea agreement addendum, it specifically addresses a possible motion for reduction in sentence:

> SUBSTANTIAL ASSISTANCE. If, in its sole discretion, the government determines that the defendant has provided substantial assistance in the investigation or prosecution of others and has otherwise complied with the terms of this agreement, the government may file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 or a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b). The defendant's cooperation does not automatically require the government to request a downward departure or a reduction in sentence, and the time for filing such motion will be determined by the government. It is entirely within the Court's discretion as to what, if any, reduction in sentence the defendant will receive.

Crim. ECF Dkt. #968, p. 3. It further states that Movant "agrees to comply with all relevant orders

5

and rules of the Court." Crim. ECF Dkt. #968, p. 3.  Additionally, it states,  "The defendant shall not violate any other state or federal law or take any actions that would obstruct the government's investigation into the offense of conviction or other criminal activities of which the defendant has knowledge." Crim. ECF Dkt. #968, p.2 .  Finally, it notes:

> The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge.  In such event, the defendant waives any objections based upon delay in prosecution.

Crim. ECF Dkt. #967, p. 4.  As shown, the Government's agreement to move for a reduced sentence was in its discretion, based not only on Movant's assistance, but also on his behavior in complying with laws and orders of the Court.  The fact that Movant absconded relieved the Government of its obligations.

Notably, where the Government has chosen not to file a motion for a reduction in sentence or a downward departure, the Court may only assess whether the Government relied upon an unconstitutional motive in refusing to file the motion or bargained away its discretion to do so. *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Garcia-Bonilla*, 11 F.3d 45, 46-47 (5th Cir. 1993) (language in plea agreement that government retained "sole discretion" to file for downward departure precluded defendant's argument that the government bargained away its discretion).  Movant has not shown that the Government bargained away its discretion, nor has he alleged that the Government relied upon an unconstitutional motive in refusing to file for a reduction in sentence.

Movant cannot, in one instance, rely on terms from the plea agreement for a possible reduction of sentence for his assistance, and then, in the second instance, claim the plea agreement

was void because there was no consideration.  The Fifth Circuit noted in its opinion:

> Although "an alleged breach of a plea agreement may be raised despite a waiver provision," *United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010), our review of the record shows that the Government did not breach the agreement which gave the Government sole discretion to decide whether to file a § 5K1.1 motion.  *See United States v. Garcia-Bonilla,* 11 F.3d 45, 46 (5th Cir. 1993); *see also Puckett v. United States*, 556 U.S. 129, 133-38 (2009); *United States v. Kirkland*, 851 F.3d 499, 502-03 (5th Cir. 2017) (applying plain error review to a claim of breach first raised on appeal).
>
> Soria concedes that the Government chose not to move for a downward departure because he absconded and failed to appear for his originally scheduled sentencing hearing.  This is not an unconstitutional motive, and it is rationally related to a legitimate government end.  *See Wade v. United States*, 504 U.S. 181, 185 (1992); *United States v. Aderholt*, 87 F.3d 740, 742 (5th Cir. 1996).  The record shows that Soria knew that he had a right to appeal his sentence and was giving up that right.  Fed. R. Crim. P. 11(b)(1)(N).  Soria's argument that the district court assessed a substantively unreasonable sentence is waived by the waiver of appeal.  *See United States v. Sanchez Guerrero*, 546 F.3d 328, 335 (5th Cir. 2008).

*Soria*, 741 F. App'x 248; Crim. ECF Dkt. #1813, p. 2.

Movant cites to an out-of-circuit opinion that held a Government's promise not to oppose acceptance of responsibility was not consideration for the plea agreement because the reduction would be available anyway.  *See United States v. Lutchman*, 910 F.3d 33 (2nd Cir. 2018).  The Fifth Circuit, however, has found that consideration was provided in return for a guilty plea and the waiver of appellate rights in a similar claim:

> [U]nder the plea agreement, the Government agreed not to bring any additional charges against Cobos related to the offense of conviction and promised to dismiss any remaining charges from the original or superseding indictment.  Additionally, the Government agreed to file a motion urging the court to consider a reduction of Cobos's sentence if the Government concluded that Cobos had provided substantial assistance in the investigation or prosecution of others.

*United States v. Cobos*, 255 F. App'x 835, *1 (5th Cir. 2007) (unpublished). Likewise, in this case, the Government agreed not to pursue further charges other than the one to which he was pleading

guilty. It also agreed to recommend a reduction in sentence for Movant's cooperation if he provided substantial assistance and obeyed the law and court orders. While Movant's decision to abscond resulted in the Government choosing not to file a motion to reduce his sentence, the Government did not pursue further charges.

Counsel cannot be held to be ineffective for failing to argue frivolous claims. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Where Movant fails to show trial errors with arguable merit, he cannot show appellate counsel was ineffective for failing to raise it on appeal. *Hooks*, 480 F.2d at 1198. Contrary to his assertion, Movant fails to show that, but for Counsel's failure to argue that the plea agreement was void for lack of consideration, the Fifth Circuit would have granted relief.

In conclusion, Movant fails to show there is a reasonable probability that, but for Counsel's alleged deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. He fails to show that, had Counsel performed differently, he would have prevailed on appeal. *Sharp*, 930 F.2d at 453. Accordingly, the § 2255 motion should be denied.

**CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant]

relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a [certificate of appealability] should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find that Movant is not entitled to a certificate of appealability.

## RECOMMENDATION

It is recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case be dismissed with prejudice. It is further recommended that a certificate of appealability be

denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 3rd day of March, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE